775 A.2d 1289

IN THE MATTER OF SHARON HALL, AN ATTORNEY AT LAW.

July 16, 2001.

# ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 99–045 concluding that **SHARON HALL** of **SOUTH ORANGE**, who was admitted to the bar of this State in 1995, and who thereafter was temporarily suspended from practice by Order of the Court dated June 23, 1999, and who remains suspended at this time, should be suspended from the practice of law for a period of three months for violating *R.* 1:20–20(b)(4) (use by suspended attorney of sign or advertisement suggesting that the attorney practices law), *R.* 1:20–20(b)(14) (failing to file required affidavit relating to suspension from practice), *RPC* 3.5(c) (conduct intended to disrupt a tribunal), *RPC* 8.1(b) (failure to cooperate with ethics authorities), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having determined that the term of suspension should be retroactive to the date of respondent's temporary suspension from practice and that respondent should not be reinstated to practice until all ethics matters pending against her are concluded and until respondent demonstrates that she is fit to practice law;

And good cause appearing;

It is ORDERED that **SHARON HALL** is suspended from the practice of law for a period of three months and until the further Order of the Court, retroactive to June 23, 1999; and it is further

ORDERED that no application for reinstatement to practice be submitted by respondent until all ethics matters pending against her are concluded and until respondent obtains the report of a mental health professional approved by the Office of Attorney

Ethics attesting to respondent's fitness to practice law; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that she continue to comply with *Rule* 1:20–20; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.